# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ADRIENNE RICHARDS et al., | ) | |
| | ) | |
| Plaintiffs/Counter Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 20-CV-347 |
| | ) | |
| TITLEMAX OF VIRGINIA, et al., | ) | |
| | ) | |
| Defendants/Counter Claimants. | ) | |

## PLAINTIFF BRITTNEY COOKE'S BRIEF IN SUPPORT OF MOTION TO SHOW CAUSE OR FOR CONTEMPT FOR FAILURE TO PARTICIPATE IN AAA ARBITRATIONS

NOW COME PLAINTIFF Brittney Cooke, through their counsel, and respectfully and respectfully submit this Brief in support of their Motion for Contempt and to strike Defendant TitleMax of Virginia, Inc. Answer.

## STATEMENT OF THE CASE

Plaintiffs filed the North Carolina state court Complaint that initiated this civil action on April 9, 2020. (DN 2) Plaintiffs filed their Complaint because Defendants were refusing to voluntarily produce Plaintiffs' arbitration agreements. (DN3, ¶9) Defendants removed this case to this Court on April 20, 2020 but refused to arbitrate.  (DN 1)   The Court, over Defendants' objection, entered an order compelling arbitration on April 22, 2020 "in accordance with the arbitration agreements." in the companion case and then issued an Order in this case on May 11, 2022.  Arbitrations have been ongoing since that

1

time. Plaintiffs have had a much higher win rate in AAA (NC arbitrators) but a lesser rate before JAMS (out of state arbitrators). The contracts govern which venue is the chosen one for the arbitration. TitleMax only produced its contracts for all of these Plaintiffs when ordered to do so by Judge Webster. It still refuses to turn over payment histories until ordered to do so by each individual arbitrator. Plaintiff Brittney Cooke initiated her matter with the American Arbitration Association (AAA) in accordance with the parties' arbitration agreements. TitleMax refused to follow AAA rules and participate in the arbitrations resulting in AAA's refusal to administer the Arbitration. (Exhibit A). Multiple efforts were made by the Undersigned to avoid having to file this motion. (Exhibit A). TitleMax, however, readily pays all the fees in JAMS as it views it as a better forum. As a result, these Plaintiffs are left without remedy but to seek an order of this Court as AAA refuses to administer their arbitrations exclusively due to TitleMax's actions.

## **ARGUMENT**

For over three years, Defendants have refused to cooperate in this litigation absent order to do so. Now Defendants are in open violation of this Court's order to arbitrate in a procedural move to attempt to have each matter heard in a different forum than the AAA forum it chose to place in most of its contracts.

The North Carolina Court of Appeals recently resolving any uncertainty in the law here in favor of Plaintiffs. *Wall v. AutoMoney, Inc.*, COA21-419 (July 29, 2022)(holding choice of law provision in out of state car title loans unenforceable). TitleMax now knows it is much less likely to win in AAA and, therefore, is refusing to pay the required fees to allow these matters to be heard in hopes that this Court will give

2

it a more favorable forum.  TitleMax also refuses to turn over this Plaintiff's payment history.  The only equitable remedy, therefore, appears to to be to give TitleMax an opportunity to correct its actions, show the Court it has done all it can to do so and, failing that, strike Defendants answer and enter Judgment and seek briefing on damages.

Further, TitleMax has once again fired another North Carolina law firm, Troutman Pepper LLP.  (Exhibit B).  It is proceeding through trial of these arbitratiton matters without North Carolina counsel in violation of the Local Rule 83.1.  (Exhibit B).

The Court has broad power and discretion here to bring TitleMax in compliance and provide a remedy for TitleMax's continued breach of court orders.  18 USC 401; 18 USC 1509; *United States v, Wilson*, 421 U.S. 309 (1975).  Some federal courts have discussed what should occur to a party that refuses to comply with AAA rules. *Hernandez v. Acosta Tractors, Inc.*, 898 F.3d 1301 (11th Cir. 2018)(Court has discretion to strike Answer after a finding of bad faith in failing to pay required arbitration fees); *Figuero-Chavez v. RCI Hospitality Holdings, Inc.,* 574 F.Supp.3d 1167 (S.D.Fl. 2021)(Defendant employer sought AAA forum then refused to pay the fees; Plaintiffs did not want AAA forum anyway so Court heard matter).  To be clear:  these Plaintiffs here still desire, as they have always sought, the AAA forum that TitleMax had voluntarily placed in in its usurious loan agreement.  In *Figuero-Chavez* and *Hernandez*, it was the party who sought the arbitration who failed to pay the arbitration fees.  Thus, they were denied their chosen forum.  That remedy here would mean that TitleMax would get what it desired from the beginning:  a resolution by this Court rather than the AAA forum.  Rewarding TitleMax for its open and continued violation of the Court

3

order simply would not be just.  The undersigned does not know what other sanction would rectify the problem other than giving TitleMax a window to correct its breach of the Orders and, failing that, strike its Answer.  Counsel for TitleMax now claims it is trying to rectify this ex parte with AAA but there is no evidence of that.  Perhaps, consistent with *Hernandez*, they should present evidence they are not acting in bad faith.  That could start with turning over their complete files, including payment history, for this Plaintiff.  TitleMax simply refuses to cooperate in good faith in the litigation, including replacing North Carolina law firm after North Carolian law firm with out of state counsel.

## **CONCLUSION**

For the reasons stated herein, each moving Plaintiffs asks that TitleMax show cause why it should not held in contempt, that its Answer be struck, that Judgment be entered in its favor and that the Court award attorneys' fees.

This is the 9th day December, 2022.

/s/ *Andrew H. Brown*
Andrew H. Brown
N.C. State Bar No. 28450
Attorney for Plaintiffs

**FOR THE FIRM:**

**BROWN, FAUCHER, PERALDO & BENSON, PLLC**.
822 North Elm Street, Suite 200
Greensboro, NC  27401
(336) 458-0058 (telephone)
(336) 273-5597 (facsimile)
drew@greensborolawcenter.com

4

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing document complies with the word count limits contained in LR 7.3(d)(1).

_/s/ Andrew H. Brown_
Andrew H. Brown
N.C. State Bar No. 28450
Attorney for Plaintiffs

**FOR THE FIRM:**

**BROWN, FAUCHER, PERALDO & BENSON, PLLC**.
822 North Elm Street, Suite 200
Greensboro, NC  27401
(336) 458-0058 (telephone)
(336) 273-5597 (facsimile)
drew@greensborolawcenter.com