IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ADRIENNE RICHARDS et al., )<br> )<br>    Plaintiffs/Counter Defendants, )<br> )<br>v. )<br> )<br> )<br> )<br>TITLEMAX OF VIRGINIA, et al., )<br> )<br>    Defendants/Counter Claimants. ) | Civil Action No. 20-cv-347 |

**MOTION FOR LEAVE TO FILE RESPONSE IN OPPOSITION TO SHOW CAUSE**

Defendants TitleMax of Virginia, Inc., TitleMax of South Carolina, Inc., and TMX Finance of Virginia, Inc. ("TitleMax") respectfully seeks Leave to File a Response in Opposition to Plaintiffs' Motion to Show Cause (ECF 33) on or before Monday, January 9, 2023.

1. Local Rule 7.3(k) allows an out of time response to a motion to be filed upon a showing of excusable neglect. *See also* Fed. R. Civ. Pro 6(b)(2) (allowing an extension of time for good cause and because of excusable neglect).

2. "'Excusable neglect' may extend to inadvertent delays" and is a "somewhat 'elastic concept'" that is not strictly limited to omissions caused by circumstances beyond the control of the movant." *Terry v. Swift Transportation*, No. 1:16CV256, 2017 WL 4236923, at *2 (M.D.N.C. Sept. 22, 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391-92 (199)). The excusable neglect inquiry is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* "These include…[1] the danger of <u>prejudice</u> to the [opposing party], [2] the <u>length of the delay</u> and its potential <u>impact on judicial proceedings</u>, [3] the <u>reason for the delay</u>, including whether

it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* (emphasis in original.)

3. In this case, the Motion for Show Cause at issue (ECF No. 33) was filed on December 9, 2022, before the undersigned counsel had entered an appearance in the case.

4. Due to pressures of business around the holidays and the transition of new counsel into the case, new counsel and the client were not aware of the deadline to respond to the Motion to Show Cause.

5. Thus, TitleMax inadvertently missed the response deadline of December 30 and just learned of the situation today when the Motion for Show Cause (ECF 33) was submitted to the Court and a proposed order was provided by Plaintiffs' counsel.

6. TitleMax respectfully requests leave to file a Response in Opposition to the Plaintiffs' Motion to Show Cause (ECF 33) on or before Monday January 9, 2023.

7. There will be no prejudice to Plaintiffs' by affording TitleMax an opportunity to be heard as TitleMax believes it has a meritorious defense to the Show Cause request. "[T]he Fourth Circuit has ruled that 'delay in and of itself does not constitute prejudice to the opposing party', Colleton Prepatory Acd., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 418 (4th Cir. 2010), and that no prejudice accrues from 'los[ing] a quick [default-based] victory,' Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1998)." *Id.*

8. The length of delay here is minimal – only six (6) days have elapsed between the expiration of TitleMax's deadline and the filing of the instant Motion. Moreover, the Court has stayed proceedings in this case pending arbitrations and therefore this minimal delay has not affected any judicial proceedings.

02996359.DOCX;-1                                                    2

Case 1:20-cv-00347-LCB-JLW   Document 42   Filed 01/05/23   Page 2 of 4

9. Here, there is nothing in the record to support that this is anything other than a good-faith mistake that occurred due to the transition of defense counsel after the Motion for Show Cause was filed.

10. In accordance with Local Rule 6.1(a), TitleMax consulted with Plaintiffs' counsel on this request for leave to file an opposition to the Show Cause motion out-of-time but Plaintiffs' counsel had not provided a definitive response at the time of the filing of this request for leave.

## CONCLUSION

For the foregoing reasons, TitleMax respectfully requests that the Court grant TitleMax leave to file a Response in Opposition to Plaintiffs' Motion to Show Cause (ECF 33) on or before Monday, January 9, 2023.

This the 5th day of January, 2023.

By: */s/Thomas R. Woodrow*

Thomas R. Woodrow
HOLLAND & KNIGHT, LLP
101 S. Tryon Street, Suite 3600
Charlotte, NC 28280
T: 980.215.7828
F: 980.215.7771
Tom.woodrow@hklaw.com
NC Bar. No. 58622

*Local Civil Rule 83.1(d) Counsel for TitleMax of Virginia, Inc., TitleMax of South Carolina, Inc., and TMX Finance of Virginia, Inc.*

By: */s/ Anthony J. Durone*
Anthony J. Durone (by special appearance)
Missouri Bar No. 43872
BERKOWITZOLIVER
2600 Grand Blvd
Suite 1200

Kansas City, MO 64108
T: 816.561.7007
F: 816.561.1888
Adurone@Berkowitzoliver.com

*Attorneys for Defendant TitleMax of Virginia, Inc., TitleMax of South Carolina, Inc., and TMX Finance of Virginia, Inc.*

## CERTIFICATE OF SERVICE

I, Thomas R. Woodrow, certify that on January 5, 2023, a true and correct copy of the foregoing Memorandum was served upon counsel of record via the Court's CM/ECF system.

*/s/ Thomas R. Woodrow*
Thomas R. Woodrow