IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ADRIENNE RICHARDS et al., ) | |
| ) | |
| Plaintiffs/Counter Defendants, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 20-cv-347 |
| ) | |
| TITLEMAX OF VIRGINIA, et al., ) | |
| ) | |
| Defendants/Counter Claimants. ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR LEAVE TO FILE RESPONSE IN OPPOSITION TO SHOW CAUSE**

Defendants TitleMax of Virginia, Inc., TitleMax of South Carolina, Inc., and TMX Finance of Virginia, Inc. ("TitleMax") offer this Reply brief in Support of its Motion for Leave to File a Response in Opposition to Plaintiffs' Motion to Show Cause (ECF 33):

1. As noted in TitleMax's opening Motion for Leave, the missed Response deadline here was the result of a good-faith mistake and administrative error that occurred as part of the transition of new defense counsel into the case after the Motion for Show Cause at issue was filed.

2. Just six (6) days after the missed deadline, as soon as it learned of the oversight, TitleMax immediately filed this Motion for Leave asking simply for the opportunity to file a Response in Opposition to Plaintiff's Motion to Show Cause and attempt to assert its good faith defenses against a Motion which seeks from this Court the most severe sanction possible – the striking of TitleMax's Answer and entry of judgment in Plaintiff Brittney Cooke's favor.

1

3. **In opposing TitleMax's Motion for Leave, Plaintiff does not detail any prejudice it will experience by TitleMax being afforded the opportunity to file a Response in Opposition to the Show Cause Motion**. Indeed, this Court has stayed this case pending arbitrations, and therefore any minimal delay in TitleMax's Response does not affect the judicial proceedings in any way. As the Fourth Circuit has repeatedly stated, a delay in and of itself does not constitute prejudice. *See e.g., Colleton Prepatory Acd., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 418 (4th Cir. 2010); *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1998) (noting that no prejudice accrues from losing a default-based victory).

4. Instead, Plaintiff's Opposition incorrectly implies that Plaintiff Brittney Cooke has no remedy as a result of TitleMax's actions and is "unable to have her matter heard" before AAA. That statement is simply incorrect, as detailed further in TitleMax's proposed Opposition to the Motion to Show Cause, attached hereto as **Exhibit A**.[1]

5. AAA has confirmed that Plaintiff Cooke may refile her arbitration claims with AAA at any time, and TitleMax has indicated to both AAA and Plaintiff's counsel that it will participate fully to ensure Plaintiff Cooke's claims can proceed in accordance with the terms off her loan agreement(s).

## **CONCLUSION**

For the foregoing reasons, TitleMax respectfully requests that the Court grant TitleMax leave to file a Response in Opposition to Plaintiffs' Motion to Show Cause (ECF 33), and that the

---

[1] Further, as detailed in TitleMax's Proposed Opposition (Ex. A), TitleMax has diligently taken steps to ensure that this type of administrative oversight with AAA does not occur again in the future. Because Plaintiff's counsel attached only a portion of the email exchange on this issue, TitleMax has attached hereto as **Exhibit B**, the complete exchange in communication demonstrating TitleMax's efforts to ensure that an in-house counsel TitleMax attorney is copied on all communications from AAA opening or closing arbitrations.

proposed Opposition to the Motion for Show Cause that TitleMax has attached hereto as Exhibit 1, be deemed filed.

This the 12th day of January, 2023.

By: */s/Thomas R. Woodrow*
   Thomas R. Woodrow
   HOLLAND & KNIGHT, LLP
   101 S. Tryon Street, Suite 3600
   Charlotte, NC 28280
   T: 980.215.7828
   F: 980.215.7771
   tom.woodrow@hklaw.com
   NC Bar. No. 58622

   *Local Civil Rule 83.1(d) Counsel for TitleMax of Virginia, Inc., TitleMax of South Carolina, Inc., and TMX Finance of Virginia, Inc.*

By: */s/ Anthony J. Durone*
   Anthony J. Durone (by special appearance)
   Missouri Bar No. 43872
   BERKOWITZOLIVER
   2600 Grand Blvd
   Suite 1200
   Kansas City, MO 64108
   T: 816.561.7007
   F: 816.561.1888
   adurone@Berkowitzoliver.com

   *Attorneys for Defendant TitleMax of Virginia, Inc., TitleMax of South Carolina, Inc., and TMX Finance of Virginia, Inc.*

3

## CERTIFICATE OF SERVICE

I, Thomas R. Woodrow, certify that on January 12, 2023, a true and correct copy of the foregoing Memorandum was served upon counsel of record via the Court's CM/ECF system.

*/s/ Thomas R. Woodrow*
Thomas R. Woodrow