IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ADRIENNE RICHARDS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:20CV347 |
| ) | |
| TITLEMAX OF VIRGINIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Plaintiff Brittney Cooke's Motion for an Order to Show Cause against Defendant TitleMax of Virginia, Inc. ("TitleMax"), filed on December 9, 2022. (ECF No. 33). Also before the Court is TitleMax's Motion for Leave to File a late response in opposition to Plaintiff's motion, filed on January 5, 2023. (ECF No. 42.) For the reasons that follow, the Court will grant TitleMax's motion for leave to file a late response and will deny Plaintiff's motion to show cause.

**I.     BACKGROUND**

Plaintiff is one of the many plaintiffs in this action that alleges, among other things, that Defendants charged them interest on loans at an unlawful rate under the North Carolina Consumer Finance Act, N.C. Gen. Stat. § 53-165, *et seq.* (*See* ECF No. 2.) On May 10, 2022, Plaintiff, along with others, stipulated with Defendants that the loan agreements at issue contained valid and enforceable arbitration agreements, (ECF No. 26 at 1), and made an

unopposed motion for an order compelling arbitration, (ECF No. 25 at 1). On May 11, 2022, this Court granted that motion and stayed this case pending resolution of the arbitrations. (ECF No. 27 at 1.)

Plaintiff filed her Motion for an Order to Show Cause on December 9, 2022. (ECF No. 33.) Plaintiff contends that TitleMax refused to participate in arbitration despite the order of this Court that it do so, and Plaintiff seeks sanctions including a finding of contempt and default judgment. (ECF No. 34 at 1–4.) TitleMax's response to this motion was due on December 30, 3022. (*Id.*) TitleMax did not file any response by that deadline, and Plaintiff's motion was therefore submitted to the Court on January 5, 2023. After the motion was submitted, that same day, TitleMax filed its Motion for Leave to File a Response. (ECF No. 42.)

The Court will first address TitleMax's motion for leave to file a response made pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Local Rule 7.3(k).

## II. TITLEMAX'S MOTION FOR LEAVE TO FILE A RESPONSE

Rule 6(b)(1)(B) allows a court to "for good cause, extend the time [for an act to be done] . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Local Rule 7.3(k) states that "[t]he failure to file a brief or response within the time specified . . . shall constitute a waiver of the right thereafter to file such a brief or response, except upon a showing of excusable neglect." "[T]he determination of excusable neglect is an equitable one, based on consideration of 'the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and

2

whether the movant acted in good faith.'" *Daye v. Potter*, 380 F. Supp. 2d 718, 720 (M.D.N.C. 2005) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)).

Here, TitleMax explains that it changed counsel around the time that Plaintiff filed her motion and that the motion was not properly handed off from prior counsel during the transition. (ECF No. 42 ¶ 4.) Thus, neither new counsel nor TitleMax knew of the December 30, 2022, deadline to respond to Plaintiff's motion until they received a docket notification that the motion had been submitted to the Court. (*Id.* ¶¶ 4–5.) TitleMax argues that this Court should find that these circumstances excuse its late filing, and that this Court should allow its motion as the delay here was very slight and there is no prejudice Plaintiff. (*See id.* at 1–3.)

Plaintiff has filed an opposition to TitleMax's motion, but that opposition does not address TitleMax's Rule 6(b) or Local Rule 7.3(k) arguments. (*See* ECF No. 43.) Notably, Plaintiff does not present any argument that she will be prejudiced if the Court were to allow TitleMax's motion. (*See id.*)

The Court finds that TitleMax failed to file its response on time due to excusable neglect and that there is good cause to allow its consideration by the Court. While losing track of a pending motion for an order to show cause is a serious oversight, the Court notes that: (1) TitleMax submitted its proposed brief in opposition to Plaintiff's motion on January 12, 2023, (ECF No. 45-1), less than two weeks after the original deadline; (2) Plaintiff has not attempted to show she will be prejudiced if the Court grants TitleMax's motion; and (3) Plaintiff seeks significant sanctions and Court would be reluctant to impose such sanctions without a showing of prejudice to the Plaintiff. Accordingly, the Court will grant TitleMax's

3

Case 1:20-cv-00347-LCB-JLW   Document 49   Filed 05/09/23   Page 3 of 6

motion. TitleMax's opposition brief, (ECF No. 45-1), will be deemed timely filed and the Court will consider it when the Court addresses Plaintiff's motion.

### III. PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE

Plaintiff contends that sanctions are warranted because, although this Court ordered the parties to arbitration, TitleMax failed to pay an arbitration fee, therefore causing the arbitration service designated by the parties' contract to refuse to administer Plaintiff's claim. (*See* ECF No. 34 at 1–2; ECF No. 34-1 at 1.) TitleMax responds that there was a miscommunication and that it has now corrected the issue. (*See* ECF No. 45-1 at 2–3.)

The evidence shows that Plaintiff submitted her claim to the AAA for arbitration on October 27, 2022. (ECF No. 43-2 at 1–2.) On November 18, 2022, the AAA notified Plaintiff's counsel and then-counsel for TitleMax (the counsel whose departure occasioned the late filing of TitleMax's opposition brief) that "[p]rior to the filing of this arbitration, TitleMax . . . failed to comply with the AAA's policies regarding consumer claims . . . , including the Costs of Arbitration," and that "[a]ccordingly, we must decline to administer this claim and any other claims between [TitleMax] and its consumers at this time." (ECF No. 43-2 at 4.) The AAA administratively closed the matter and refunded Plaintiff's payment for the submission. (*Id.*) In late November and early December, Plaintiff's counsel and TitleMax's former counsel engaged in communications regarding this development. (ECF No. 43-2 at 5–8.) That culminated in Plaintiff filing the instant motion.

In a declaration, in-house counsel for TitleMax states that former outside counsel never forwarded the November 18, 2022, communication from the AAA to TitleMax's legal department, and that TitleMax did not know Plaintiff had attempted to initiate an arbitration

4

until January 5, 2023 (the date the instant motion was submitted to this Court). (ECF No. 45-1 ¶ 5–6.) TitleMax's in-house counsel further states that upon finding out about the administrative closure of Plaintiff's arbitration submission, she immediately reached out to the AAA and Plaintiff's counsel to correct the issue. (*Id.* ¶ 10.) The communications with the AAA have been submitted to this Court, and they show that AAA eventually explained that the actual reason it rejected Plaintiff's arbitration was that "a court order was not received with the filing." (ECF No. 45-1 at 16.) Although the AAA had encountered problems in the past with TitleMax not paying fees, there were no non-payment issues with respect to Plaintiff's claim. (*Id.* at 15–16.) TitleMax's in-house counsel then sent the AAA a copy of the court order compelling arbitration and requested that AAA re-open Plaintiff's file. (*Id.* at 13.)

TitleMax's in-house counsel states that, at this point, "Plaintiff should now be able to continue to pursue her claims through the refiling or re-opening of her [AAA] claim," and that "TitleMax, through both its in-house counsel and new outside counsel, stands ready and willing to coordinate with Plaintiff's counsel in the refiling or re-opening of [Plaintiff's] arbitration and will promptly participate and transmit any fees required by AAA." (ECF No. 45-1 ¶ 12–13.)

The Court notes that the AAA provided its explanation of what happened with Plaintiff's arbitration and TitleMax responded to the AAA with the required documentation on January 10, 2023, (ECF No. 45-1 at 13); that TitleMax filed its brief and exhibits explaining what had happened on January 12, 2023, (ECF No. 45); and that Plaintiff has not filed any brief or notice since then reporting that there are still problems with Plaintiff's AAA arbitration (nor, however, has Plaintiff withdrawn its present motion).

5

Given the foregoing, the Court finds that the delay in arbitrating Plaintiff's claim was due to excusable neglect. Moreover, it appears to the Court that this dispute is moot since the reason AAA rejected Plaintiff's arbitration submission has been identified and corrected. The Court will therefore deny Plaintiff's motion to show cause.

## ORDER

**IT IS THEREFORE ORDERED** that the Motion for Leave to File a Response, (ECF No. 42), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Order to Show Cause, (ECF No. 33), is **DENIED**.

This, the 9th day of May 2023.

/s/Loretta C. Biggs
United States District Judge